UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUSHEA WILLIAMS,

    Petitioner,

v.      Case No. 3:19-cv-483-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Aushea Williams, an inmate of the Florida penal system, initiated this action on April 25, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Williams is proceeding on an amended petition (Amended Petition; Doc. 4). Williams challenges a 2013 state court (Putnam County) conviction for armed robbery. He raises three grounds for relief. Respondents have submitted a motion to dismiss the Petition as untimely. See Response to Petition (Response; Doc. 7) with exhibits (Resp. Ex.). Williams filed a brief in reply. See Reply to Respondents Response (Reply; Doc. 9). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that this action is untimely. Response at 8-13. Although the majority of the Reply addresses the merits of his claims in the Petition, it appears as though Williams argues that the Response was untimely, and the Court should not give Respondents an extension of time. Reply at 4. The Court finds this argument unavailing, as Respondents filed the Response prior to the December 2, 2019 deadline set by the Court. See Docs. 5; 7. The fact that Respondents did not file the exhibits until eighteen days after the deadline passed does not render the Response untimely. Next, Williams contends that § 2244(d)(1)(D) controls here because the State and the state courts obstructed facts. Id. at 4-5. However, he does not explain what facts they obstructed. Id.

The following procedural history is relevant to the determination of the one-year limitations issue. Williams entered a plea of no contest to one count of armed robbery. Resp. Ex. B. On January 8, 2013, the circuit court sentenced Williams to a term of imprisonment of ten years, with a ten-year minimum mandatory. Resp. Exs. C; D. Pursuant to Rule 9.020(h) of the Florida Rules of Appellate Procedure, his judgment was rendered on January 14, 2013, the day the signed, written order was filed by the clerk of the sentencing court. Under Florida law, Williams had thirty days from the date of rendition of the written

order imposing his sentence to file a direct appeal. See Fla. R. App. P. 9.140(b)(3). Williams did not appeal the judgment and sentence in thirty days from January 14, 2013. Resp. Ex. E. Therefore, his conviction became final thirty days after the judgment was rendered. See McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009) (quoting Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006)) ("A conviction is final at 'the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, the statute of limitations began to run on February 14, 2013, thirty days after January 14, 2013. Williams had until February 14, 2014, to file a federal habeas petition. He did not do so. As such, the instant action initiated on April 25, 2019, is due to be dismissed as untimely unless Williams can avail himself of the statutory provisions which extend or toll the limitations period.

The record reflects that on February 25, 2013, eleven days into the one-year limitations period, Williams filed a pro se motion to reduce his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Resp. Ex. F. The circuit court denied the motion on March 27, 2013, Resp. Ex. G; therefore, Williams's limitation period started to run again the same day. On December 18, 2013, 276 days into his limitation period, Williams filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Resp. Ex. H. The circuit court denied the order on January 27, 2014. Resp. Ex. I. On July 1, 2014, Florida's Fifth District Court of Appeal (Fifth DCA) per

curiam affirmed the circuit court's denial of relief, Resp. Ex. L, and it issued the mandate on July 25, 2014, Resp. Ex. M. The statute of limitations began to run again on July 25, 2014. See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (noting pursuant to Florida law, a circuit court's denial of a postconviction motion is pending until the mandate is issued).

On September 3, 2014, 315 days into the limitations period, Williams filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. N. The circuit court denied relief. Resp. Ex. R. The Fifth DCA per curiam affirmed the denial of relief, Resp. Ex. U, and issued the mandate, restarting the limitations period, on July 14, 2015, Resp. Ex. X. Another twenty-seven days passed, for a total of 342 days, before Williams filed a petition alleging ineffective assistance of appellate counsel with the Fifth DCA that tolled the statute of limitations. Resp. Ex. Y. The Fifth DCA granted the State's motion to dismiss the petition on November 4, 2015. The limitations period restarted and ran until November 27, 2015, and expired the next day, without Williams filing a motion that would have tolled the statute of limitations. Accordingly, the instant action initiated on April 25, 2019, is untimely.

Williams apparently contends that the time limit should be calculated not from when his judgment and sentence became final, but from the date on which the factual predicate of his claims could have been discovered through

5

the exercise of due diligence. However, none of Williams's claims involve newly discovered evidence. Two of the three claims challenge the legality of his sentence and the other asserts ineffective assistance of counsel. Amended Petition at 9-13. Accordingly, as Williams does not raise claims alleging newly discovered evidence, the timeliness of this action is properly calculated based upon the date his judgment and sentence became final. For the above stated reasons, the Amended Petition is due to be dismissed as untimely.

## III. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Williams seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Williams "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition (Doc. 4) is **DISMISSED as untimely**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing with prejudice the Amended Petition and dismissing this case with prejudice.

3. If Williams appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of November, 2021.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Aushea Williams #V37193
Counsel of record